09 NOV 20 PM 3: 23

# SECRET

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2009 Grand Jury

**'09CR 4205 JM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | Title 18, U.S.C., Sec. 371 - |
| | ) | Conspiracy; Title 18, U.S.C., |
| JEFFREY STEVEN GIRANDOLA (1), | ) | Sec. 1030(a)(4) - Unlawfully |
| KAJOHN PHOMMAVONG (2), | ) | Accessing a Computer with Intent |
| | ) | to Defraud; Title 18, U.S.C., |
| Defendants. | ) | Secs. 1029(a)(2) and (b)(1) - |
| | ) | Access Device Fraud; Title 18, |
| | ) | U.S.C., Sec. 1028A(a)(1) - |
| | ) | Aggravated Identity Theft; |
| | ) | Title 18, U.S.C., Sec. 2 - Aiding |
| | ) | and Abetting |

The grand jury charges:

## Count 1

[18 U.S.C. § 371]

At all relevant times:

1.   The United States Department of Defense ("DoD"), Defense Finance and Accounting Service ("DFAS"), provides an Internet accessible secure website to DoD employees, including members of the United States Armed Forces, to view and change information related to their payroll and tax information.  This service is known as DFAS MyPay.  Among other things, through DFAS MyPay, DoD employees can direct their payroll deposits into personal bank accounts.  The DFAS MyPay computer server physically is located in Mechanicsburg, Pennsylvania.

MDD:em:San Diego
11/13/09



2.     Independent Living, located in Jupiter, Florida, is in the business of selling products designed to assist senior citizens. Independent Living maintains an account with a company named CyberSource to handle their credit card processing and e-commerce business.

3.     Evolution Management, Green Dot Corporation, MoneyTree and Buy Right are companies which are in the business of providing pre-paid credit cards to their customers.

4.     "Peer-to-Peer" or "P2P" software programs allow their users to share data with other users of that software. Most P2P software is free and available to download to anyone with a computer and an Internet connection. After installation, the user can search all files made available for sharing by any other users of that program and download files of interest. Users can place files that the user wants to share into a folder on the user's computer designated for sharing. It is not unusual, however, for users to download corrupt P2P programs or to misconfigure the software and unintentionally allow all of the files on their computer to be shared to the community.

5.     Beginning at an unknown date, but at least by on or about November 22, 2005, and continuing up to and including on or about September 12, 2006, within the Southern District of California, and elsewhere, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG knowingly conspired and agreed with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States: to wit; to access protected computers without authority, with intent to defraud, and by means of such conduct further the intended fraud and obtain anything of value, in violation of Title 18, United States Code, Section 1030(a)(4); and, to use and

1  attempt to use one or more unauthorized access devices during any one-
2  year period and by such conduct obtain anything of value aggregating
3  $1,000 or more during that period, in violation of Title 18, United
4  States Code, Section 1029(a)(2) and (b)(1).

5                    Objects of the Conspiracy

6       6.   It was an object of the conspiracy that the defendants would
7  obtain the user names or other login information and passwords or
8  personal identification numbers for online accounts at financial
9  institutions or other financial service entities and use that
10 information to unlawfully access the victim accounts and move money
11 from the victim accounts to accounts controlled by the defendants.

12      7.   It also was an object of the conspiracy that the defendants,
13 after successfully moving funds to accounts that they controlled,
14 would fund prepaid credit cards with the stolen money and use the
15 cards to make purchases and to withdraw and attempt to withdraw cash
16 from various Automated Teller Machines.

17              Manner and Means of the Conspiracy

18      8.   It was part of the conspiracy that the defendants would
19 install P2P software on computers under their control and search the
20 available P2P network for online financial account logins and
21 passwords.

22      9.   It further was part of the conspiracy that the defendants
23 would establish prepaid credit card accounts in each of their names
24 at Evolution Management and at Green Dot and that defendant GIRANDOLA
25 would establish prepaid credit card accounts in his name at MoneyTree
26 and Buy Right.

27 //

28 //

3

10.   It further was part of the conspiracy that the defendants would use the login and password information that they obtained to access DFAS MyPay accounts without authority and redirect and attempt to redirect DoD payroll deposits to their prepaid credit card accounts at Evolution Management and at Green Dot.

11.   It further was part of the conspiracy that the defendants accessed without authority the online bank account of Independent Living and transferred funds to their prepaid credit card accounts at Evolution Management and to defendant GIRANDOLA's accounts at MoneyTree and at Buy Right.

12.   It further was part of the conspiracy that the defendants used and attempted to use their prepaid credit cards, which were funded with stolen funds, at various locations in the Southern District of California to make purchases and to withdraw and attempt to withdraw cash.

13.   It further was part of the conspiracy that the defendants successfully transferred approximately $19,967.43 in illegally obtained funds from DFAS MyPay accounts and from Independent Living to their prepaid credit card accounts; one DFAS transfer of approximately $739.85 was halted in transit.

<u>Acts in Furtherance of the Conspiracy</u>

14.   The following acts, among others, were done to effect an object of the conspiracy, within the Southern District of California and elsewhere:

a.   On or about November 22, 2005, from the residence of defendant PHOMMAVONG in San Diego, California, the DFAS MyPay account of victim W.M., of the United States Air Force, was accessed without authority and the direct deposit information

4

successfully changed to direct his next paycheck, in the amount of $1,193.72, to a Green Dot prepaid credit card account in the name of defendant GIRANDOLA.

b.    On or about January 5, 2006, from an unknown location in San Diego, California, the defendants accessed without authority the DFAS MyPay account of victim B.A., a civilian employee of the United States Navy, and successfully redirected his next paycheck, in the amount of $1,233.43, to defendant GIRANDOLA's Green Dot account.

c.    On or about July 9, 2006, from an unknown location in San Diego, California, the defendants accessed without authority the DFAS MyPay account of victim A.H., of the United States Air Force, and redirected his next paycheck, in the amount of $1,429.45, to the Evolution Management prepaid credit card account in the name of defendant GIRANDOLA.

d.    On or about August 12, 2006, from an unknown location in San Diego, California, the defendants accessed without authority the DFAS MyPay account of victim A.H., of the United States Air Force, and redirected his next paycheck, in the amount of $1,429.45, to the Evolution Management prepaid credit card account in the name of defendant GIRANDOLA.

e.    On or about August 15, 2006, from the residence of defendant GIRANDOLA in San Diego, California, the DFAS MyPay account of victim A.H., of the United States Air Force, was accessed without authority.

//
//
//

f.   On or about September 1, 2006, from the residence of defendant PHOMMAVONG in San Diego, California, the DFAS MyPay account of victim A.H., of the United States Air Force, was accessed without authority.

g.   On or about August 11, 2006, from an unknown location in San Diego, California, the defendants accessed without authority the DFAS MyPay account of victim J.N., of the United States Marine Corps, and redirected a portion of his next paycheck, in the amount of $181.38 to the Evolution Management prepaid credit card account in the name of defendant PHOMMAVONG.

h.   On or about September 1, 2006, from the residence of defendant PHOMMAVONG in San Diego, California, the DFAS MyPay account of victim J.N., of the United States Marine Corps, was accessed without authority.

i.   On or about September 1, 2006, from the residence of defendant PHOMMAVONG in San Diego, California, the DFAS MyPay account of victim R.P., retired from the United States Air Force, was accessed without authority and the direct deposit information changed to direct his next paycheck, in the amount of $739.85, to a Green Dot prepaid credit card account in the name of defendant PHOMMAVONG; the transfer was prevented by DFAS security.

j.   On or about September 8, 2006, from the residence of defendant GIRANDOLA in San Diego, California, the bank account of Independent Living was accessed without authority and $2,500.00 transferred to a MoneyTree Mastercard prepaid credit card account of defendant GIRANDOLA.

//

6

k.   On  or  about  September  9,  2006,  from  the  residence  of defendant GIRANDOLA in San Diego, California, the bank account of  Independent  Living  was  accessed  without  authority  and $2,000.00 transferred to the Evolution Management prepaid credit card account of defendant PHOMMAVONG.

l.   On  or  about  September  9,  2006,  from  the  residence  of defendant GIRANDOLA in San Diego, California, the bank account of  Independent  Living  was  accessed  without  authority  and $5,000.00 transferred to the Evolution Management prepaid credit card account of defendant GIRANDOLA.

m.   On  or  about  September  9,  2006,  from  the  residence  of defendant GIRANDOLA in San Diego, California, the bank account of  Independent  Living  was  accessed  without  authority  and $5,000.00 transferred to a Buy Right Mastercard prepaid credit card account of defendant GIRANDOLA.

All in violation of Title 18, United States Code, Section 371.

<u>Count 2</u>

[18 U.S.C. §§ 1030(a)(4) and 2]

1.   Paragraphs  1  through  5  of  Count  1  are  realleged  and incorporated herein by reference.

2.   On or about November 22, 2005, within the Southern District of  California,  defendants  JEFFREY  STEVEN  GIRANDOLA  and  KAJOHN PHOMMAVONG knowingly and with intent to defraud accessed the DFAS MyPay computer, a "protected computer" within the meaning of Title 18, United States Code, Section 1030(e)(2), without authorization and by means  of  such  conduct  furthered  the  intended  fraud  and  obtained anything  of  value,  to  wit:  the  re-direction  of  the  paycheck  of victim  W.M.,  of  the  United  States  Air  Force,  in  the  amount  of

$1,193.72, to a Green Dot prepaid credit card account in the name of defendant GIRANDOLA; in violation of Title 18, United States Code, Sections 1030(a)(4) and 2.

### Count 3

[18 U.S.C. §§ 1030(a)(4) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about January 5, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG knowingly and with intent to defraud accessed the DFAS MyPay computer, a "protected computer" within the meaning of Title 18, United States Code, Section 1030(e)(2), without authorization and by means of such conduct furthered the intended fraud and obtained anything of value, to wit: the re-direction of the paycheck of victim B.A., a civilian employee of the United States Navy, in the amount of $1,233.43, to a Green Dot prepaid credit card account in the name of defendant GIRANDOLA; in violation of Title 18, United States Code, Sections 1030(a)(4) and 2.

### Count 4

[18 U.S.C. §§ 1030(a)(4) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about July 9, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG knowingly and with intent to defraud accessed the DFAS MyPay computer, a "protected computer" within the meaning of Title 18, United States Code, Section 1030(e)(2), without authorization and by means of such conduct furthered the intended fraud and obtained anything of value,

1   to wit: the re-direction of the paycheck of victim A.H., of

2   the United States Air Force, in the amount of $1,429.45, to an

3   Evolution Management prepaid credit card account in the name of

4   defendant GIRANDOLA; in violation of Title 18, United States Code,

5   Sections 1030(a)(4) and 2.

Count 5

[18 U.S.C. §§ 1030(a)(4) and 2]

7        1.   Paragraphs 1 through 5 of Count 1 are realleged and

9   incorporated herein by reference.

10       2.   On or about August 11, 2006, within the Southern District

11  of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN

12  PHOMMAVONG knowingly and with intent to defraud accessed the DFAS

13  MyPay computer, a "protected computer" within the meaning of Title 18,

14  United States Code, Section 1030(e)(2), without authorization and by

15  means of such conduct furthered the intended fraud and obtained

16  anything of value, to wit: the re-direction of a portion of the

17  paycheck of victim J.N., of the United States Marine Corps, in the

18  amount of $181.38, to an Evolution Management prepaid credit card

19  account in the name of defendant PHOMMAVONG; in violation of Title 18,

20  United States Code, Sections 1030(a)(4) and 2.

Count 6

[18 U.S.C. §§ 1030(a)(4) and 2]

23       1.   Paragraphs 1 through 5 of Count 1 are realleged and

24  incorporated herein by reference.

25       2.   On or about August 12, 2006, within the Southern District

26  of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN

27  PHOMMAVONG knowingly and with intent to defraud accessed the DFAS

28  MyPay computer, a "protected computer" within the meaning of Title 18,

United States Code, Section 1030(e)(2), without authorization and by means of such conduct furthered the intended fraud and obtained anything of value, to wit: the re-direction of the paycheck of victim A.H., of the United States Air Force, in the amount of $1,429.45, to an Evolution Management prepaid credit card account in the name of defendant GIRANDOLA; in violation of Title 18, United States Code, Sections 1030(a)(4) and 2.

### Count 7

[18 U.S.C. §§ 1030(a)(4) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about September 8, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG knowingly and with intent to defraud accessed the computer of CyberSource, a "protected computer" within the meaning of Title 18, United States Code, Section 1030(e)(2), without authorization and by means of such conduct furthered the intended fraud and obtained anything of value, to wit: the transfer of $2,500 from the account of victim Independent Living to a MoneyTree prepaid Mastercard credit card account in the name of defendant GIRANDOLA; in violation of Title 18, United States Code, Sections 1030(a)(4) and 2.

### Count 8

[18 U.S.C. §§ 1030(a)(4) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about September 9, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG knowingly and with intent to defraud accessed the computer

1    of CyberSource, a "protected computer" within the meaning of Title 18,

2    United States Code, Section 1030(e)(2), without authorization and by

3    means of such conduct furthered the intended fraud and obtained

4    anything of value, to wit: the transfer of $5,000 from the account of

5    victim Independent Living to an Evolution Management prepaid credit

6    card account in the name of defendant GIRANDOLA; in violation of

7    Title 18, United States Code, Sections 1030(a)(4) and 2.

8                                    Count 9

9                       [18 U.S.C. §§ 1030(a)(4) and 2]

10       1.   Paragraphs 1 through 5 of Count 1 are realleged and

11   incorporated herein by reference.

12       2.   On or about September 9, 2006, within the Southern District

13   of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN

14   PHOMMAVONG knowingly and with intent to defraud accessed the computer

15   of CyberSource, a "protected computer" within the meaning of Title 18,

16   United States Code, Section 1030(e)(2), without authorization and by

17   means of such conduct furthered the intended fraud and obtained

18   anything of value, to wit: the transfer of $5,000 from the account of

19   victim Independent Living to a Buy Right prepaid Mastercard credit

20   card account in the name of defendant GIRANDOLA; in violation of

21   Title 18, United States Code, Sections 1030(a)(4) and 2.

22                                   Count 10

23                      [18 U.S.C. §§ 1030(a)(4) and 2]

24       1.   Paragraphs 1 through 5 of Count 1 are realleged and

25   incorporated herein by reference.

26       2.   On or about September 9, 2006, within the Southern District

27   of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN

28   PHOMMAVONG knowingly and with intent to defraud accessed the computer

                                     11

1  of CyberSource, a "protected computer" within the meaning of Title 18,

2  United States Code, Section 1030(e)(2), without authorization and by

3  means of such conduct furthered the intended fraud and obtained

4  anything of value, to wit: the transfer of $2,000 from the account of

5  victim Independent Living to an Evolution Management prepaid credit

6  card account in the name of defendant PHOMMAVONG; in violation of

7  Title 18, United States Code, Sections 1030(a)(4) and 2.

8                                Count 11

9              [18 U.S.C. §§ 1029(a)(2), 1029(b)(1), and 2]

10     1.     Paragraphs 1 through 5 of Count 1 are realleged and

11  incorporated herein by reference.

12     2.     Beginning on or about November 22 2005, and continuing up

13  to and including on or about September 9, 2006, within the Southern

14  District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN

15  PHOMMAVONG, knowingly and with intent to defraud used and attempted

16  to use one or more unauthorized access devices, specifically, the

17  login information and passwords of victims W.M., B.A., A.H., J.N., and

18  R.P., who were civilian employees or current and retired members of

19  the United States Armed Forces, to the DFAS MyPay computer, and the

20  login information and password of victim Independent Living to the

21  CyberSource computer, that had been stolen or obtained with intent to

22  defraud, and by such conduct obtained and attempted to obtain anything

23  of value aggregating $1,000 or more during that period; to wit,

24  approximately $20,707.28 in re-directions of direct deposits and in

25  transfers of funds or credits; in and affecting interstate and foreign

26  commerce; all in violation of Title 18, United States Code,

27  Sections 1029(a)(2), 1029(b)(1), and 2.

28  //

## Count 12

[18 U.S.C. §§ 1028A(a)(1) and 2]

1. Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2. On or about November 22, 2005, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(4), as charged at Count 2 herein, knowingly used, without lawful authority, a means of identification of another person, to wit, the login information and password of victim W.M., of the United States Air Force, to the DFAS MyPay computer system; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count 13

[18 U.S.C. §§ 1028A(a)(1) and 2]

1. Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2. On or about January 5, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(4), as charged at Count 3 herein, knowingly used, without lawful authority, a means of identification of another person, to wit, the login information and password of victim B.A., a civilian employee of the United States Navy, to the DFAS MyPay computer system; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

//

//

1

Count 14

[18 U.S.C. §§ 1028A(a)(1) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about July 9, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(4), as charged at Count 4 herein, knowingly used, without lawful authority, a means of identification of another person, to wit, the login information and password of victim A.H., of the United States Air Force, to the DFAS MyPay computer system; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

Count 15

[18 U.S.C. §§ 1028A(a)(1) and 2]

1.   Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.   On or about August 11, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(4), as charged at Count 5 herein, knowingly used, without lawful authority, a means of identification of another person, to wit, the login information and password of victim J.N., of the United States Marine Corps, to the DFAS MyPay computer system; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

//

//

<u>Count 16</u>

[18 U.S.C. §§ 1028A(a)(1) and 2]

1.    Paragraphs 1 through 5 of Count 1 are realleged and incorporated herein by reference.

2.    On or about August 12, 2006, within the Southern District of California, defendants JEFFREY STEVEN GIRANDOLA and KAJOHN PHOMMAVONG, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(4), as charged at Count 6 herein, knowingly used, without lawful authority, a means of identification of another person, to wit, the login information and password of victim A.H., of the United States Air Force, to the DFAS MyPay computer system; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

DATED: November 20, 2009.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
MITCHELL D. DEMBIN
Assistant U. S. Attorney

15